# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | |
| Plaintiff, | **8:17CR131** |
| vs. | |
| **AMALIA DIAZ,** | **MEMORANDUM AND ORDER** |
| Defendant. | |

This matter is before the Court on the Defendant's "Motion for Reduction of Sentence Compassionate Release," ECF No. 58. The Defendant seeks a reduction of her sentence pursuant to 18 U.S.C. § 3582(c)(1)(A) as amended by Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), affording her immediate release from custody.

Section 603 of the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (2018), amended 18 U.S.C. § 3582(c)(1)(A) to permit defendants to move a sentencing court for modification of sentence "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ."

Section 3582(c)(1)(A) also provides in pertinent part:

[T]he court . . . may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

    (i)    extraordinary and compelling reasons warrant such a reduction;

> . . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

In her pending Motion, the Defendant included evidence of her submission of her request to the Warden of her facility which was denied by the Warden on June 27, 2020. Accordingly, the Court infers that the Defendant exhausted her administrative remedies.

The Defendant asserts that she suffers from sleep apnea, diabetes, carpal tunnel syndrome, arthritis, a torn rotator cuff, high blood pressure, congestive heart failure, and acid reflux. She is housed in a Federal Medical Facility ("FMC") operated by the Bureau of Prisons in Fort Worth, Texas, known as FMC Carswell. The Court takes judicial notice of the fact that an outbreak of coronavirus has occurred at FMC Carswell, and the virus could pose a threat to the Defendant's health. *See* https://www.bop.gov/coronavirus/.

Accepting the Defendant's allegations as true, the Court cannot conclude that she has shown extraordinary or compelling reasons for a reduction in her sentence. The Court also notes that 18 U.S.C. § 3553(a) factors weigh against compassionate release. The Defendant has an extensive criminal history and she has served only a small percentage

of the sentence imposed.[1] A reduction in her sentence would be inconsistent with the factors set out in § 3553(a)(1),[2] (2)(A) and (B),[3] and (6).[4] Accordingly,

IT IS ORDERED:

The Defendant's "Motion for Reduction of Sentence Compassionate Release," ECF No. 58, is denied.

Dated this 27th day of July 2020.

BY THE COURT:

s/Laurie Smith Camp
Senior United States District Judge

---

[1] The Defendant was sentenced on October 1, 2018, to a term of 77 months incarceration and three years of supervised release after she pled guilty to Conspiracy to Distribute or Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C.§846.

[2] "[T]he nature and circumstances of the offense and the history and characteristics of the defendant; . . . ."

[3] "[T]he need for the sentence imposed—(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public form further crimes of the defendant. . . ."

[4] "[T]he need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct . . . ."