IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 8:17CR131 |
| v. | |
| AMALIA DIAZ, | MEMORANDUM AND ORDER |
| Defendant. | |

This matter is before the court for initial review of Defendant Amalia Diaz's (Diaz) Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (the "§ 2255 Motion") (Filing No. 61). Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts requires initial review of the Defendant's § 2255 Motion. Rule 4(b) states:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

I.   BACKGROUND

On July 9, 2018, Diaz entered a plea of guilty to Count I of the Indictment (Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 846). Diaz was sentenced on October 1, 2018, to 77 months incarceration and three years of supervised release. The sentence was consistent with Diaz's plea agreement. The Court entered Judgment on October 4, 2018, and Diaz did not

appeal.[1]  Accordingly, Judgment was final at the close of the day on October 4, 2018.  *See* Federal Rule of Appellate Procedure 4(b)(1)(A).  Diaz's § 2255 Motion was dated September 2, 2020, postmarked October 1, 2020, and received by the Court and filed on October 5, 2020.

## II.  DISCUSSION

As amended by Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2255 imposes a one-year statute of limitations on § 2255 motions, stating in pertinent part:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of–
>
> (1)  the date on which the judgment of conviction becomes final;
>
> (2)  the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

Diaz asserts two grounds for relief under § 2255.  First, she argues that her court-appointed counsel was ineffective.  She alleges that counsel failed to investigate, failed to object to a discrepancy in Diaz's plea, failed to explain her rights, and failed to file an appeal.  Diaz asserts no other facts or evidence to support her allegations.  Second, Diaz argues newly discovered evidence may have impacted the outcome of her case.  Diaz does

---

[1]Diaz waived her right of appeal in her plea agreement, with limited exceptions (Filing No. 48).

not identify or otherwise describe the newly discovered evidence. Moreover, Diaz presents no facts or argument regarding the timeliness of her motion, or why it should not be barred by 28 U.S.C. § 2255(f)(1). The Court concludes that the motion is untimely, and it will be summarily denied. Accordingly,

IT IS ORDERED:

1. Defendant Amalia Diaz's Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody under 28 U.S.C. § 2255 (Filing No. 61) is summarily denied.

3. The Court will not issue a certificate of appealability in this case.

3. A separate judgment will be entered.

4. The Clerk of the Court is directed to mail a copy of this Memorandum and Order to the Defendant at her last known address.

Dated this 19th day of November 2020.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge